

## McGivney Kluger Clark & Intoccia, P.C.

A COMMITMENT TO EXCELLENCE

33 WHITEHALL STREET, 16TH FLOOR
NEW YORK, NEW YORK 10004
(212) 509-3456 – TELEPHONE
(212) 509-4420 – FACSIMILE
www.mkcilaw.us.com

April 3, 2025

***VIA ECF***
Honorable Kenneth M. Karas, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re: *Kaufman v. White Plains City Sch. Dist.*, et al.
Dkt. No.: 7:25-cv-01717-KMK (S.D.N.Y.)

Dear Judge Karas:

We represent the defendants White Plains City School District (referred to individually as the "School District"), Michael Easton, Brent Brown and Litin Chu, in their official capacity as employees of the Highlands Middle School (all defendants are referred to collectively as "Defendants").

On March 18, 2025, we wrote to counsel for Plaintiffs William Haft and Jennifer Kaufman ("Plaintiffs") with respect to our anticipated pre-answer motion to dismiss. By letter dated March 25, 2025, Plaintiffs' counsel responded and indicated her intention to withdraw the federal claims pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. ("Title IX"). To be clear, we never indicated any intention to challenge Plaintiffs' Title IX claims. In any event, by withdrawing said claims, Plaintiffs have acknowledged that their claims for injunctive relief under Title IX are moot. Plaintiffs have also conceded that their fourth cause of action asserting negligent infliction of emotional distress is duplicative and have agreed to withdraw that count of the Complaint.

Plaintiffs have agreed to withdraw Counts I and IV of their Complaint and now request that this Court decline to exercise supplemental jurisdiction and remand this matter to state court. We

| LIVINGSTON, NJ | HARTFORD, CT | WILMINGTON, DE | BROOKLYN, NY | NEW YORK, NY |
| --- | --- | --- | --- | --- |
| (973) 822-1110 | (860) 404-3000 | (302) 656-1200 | (212) 509-3456 | (212) 509-3456 |
| PHILADELPHIA, PA | MIAMI, FL | SYRACUSE, NY | BUFFALO, NY | FRISCO, TX |
| (215) 557-1990 | (786) 696-9851 | (315) 473-9648 | (315) 473-9648 | (469) 287-5500 |

{F2995021-1}

are now in possession of the proposed Amended Complaint that Plaintiffs have submitted to the court for consideration, but the Amended Complaint has not yet been filed.

As a threshold matter, we respectfully submit that Plaintiffs must actually *file* the Amended Complaint before this matter may be remanded. As long as the operative Complaint is pending in this Court, jurisdiction is proper in this Court. Plaintiffs must file an amended complaint to divest the federal court of jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). The Supreme Court recently stated therein:

> [T]here is no discretion to decline supplemental jurisdiction here because there is no supplemental jurisdiction at all. Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing— and § 1367(a) does not authorize a federal court to resolve them."

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. at 33-34.

On a separate but related note, although the Title IX "count" has been removed from the proposed Amended Complaint, Plaintiffs still parrot much of the same language based on Title IX in the proposed Amended Complaint. Plaintiffs still include requests for relief that are no longer proper. Specifically, Plaintiffs ask the Court to:

- Declare that Plaintiffs are "prevailing parties" in this matter;
- Award Plaintiffs reasonable attorneys' fees and costs;
- Direct the District to develop and implement a comprehensive plan to remediate its violations of the above state laws, including measures to ensure a safe learning environment, enforce anti-bullying policies, and provide adequate supervision and privacy protections for students.

The above requests for relief are premised upon Title IX considerations and should not have been included in the proposed Amended Complaint. In view of these requests for relief, jurisdiction is still appropriate in this Court. However, once these are removed from the operative pleading, we agree that remand would be appropriate. In sum, we believe that the requests for relief based upon Title IX should be removed whereupon Plaintiffs may file a properly pleaded Amended Complaint in this Court. Once these conditions are met, this Court should remand this matter to the appropriate state court.

We thank Your Honor in advance for the Court's continued courtesies in this matter.

Your Move, Plaintiff. Please file the Amended Complaint by 4/8/25 and explain why the Amended Complaint eliminates completely the federal causes of action and why, therefore, remand is appropriate.

So Ordered
4/3/25

Respectfully submitted,

/s/ *Marc C. Pakrul*
Marc C. Pakrul, Esq. (MP0910)
McGivney, Kluger,
Clark & Intoccia, P.C.
33 Whitehall Street, Floor 16
New York, New York 10004
*Attorneys for Defendants*

cc: Lindsay Lieberman, Esq. (via ECF)