

**Lindsay Lieberman LLC**
D/B/A Lindsay Lieberman Consulting
PO Box 2575, Newport RI 02840
(401) 314-0219 | lindsay@lindsaylieberman.com

April 8, 2025

VIA ECF
Honorable Kenneth M. Karas U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**MEMO ENDORSED**

Re:   *Kaufman v. White Plains City Sch. Dist., et al.*
         Case No. 7:25-cv-01717-KMK (S.D.N.Y.)

Dear Judge Karas:

  Pursuant to the Court's April 7, 2025 Order, Plaintiffs have filed the Amended Complaint and respectfully submit this letter to explain that the Amended Complaint eliminates all federal claims, thereby making remand appropriate.

  The Amended Complaint removes the Title IX claim and asserts only negligence claims under state law. Federal jurisdiction depends on the claims actually pled—not on incidental references to federal law, such as those that may remain in the request for relief. Any such references, including requests for attorneys' fees or "prevailing party" language, were inadvertently retained from the original complaint. Plaintiffs do not intend to pursue those forms of relief, and their inclusion does not confer federal jurisdiction.

  Indeed, under the well-pleaded complaint rule, federal question jurisdiction exists only where a federal claim is affirmatively pled on the face of the complaint. *Metro. Ins. & Annuity Co. v. Barclay,* 2003 U.S. Dist LEXIS 19077 (S.D.N.Y. Oct. 24, 2003). A passing reference to federal law or a residual request for relief does not confer jurisdiction. *See Citigroup, Inc. v. Wachovia Corp.,* 613 F. Supp. 2d 485 (S.D.N.Y. 2009).

  Defendant also objects to Plaintiffs' request for injunctive relief. However, Plaintiffs respectfully submit that the requested injunctive relief—aimed at ensuring AKH's ability to return to a safe school environment—is entirely proper and available under their state law negligence claims. AKH was forced to leave school due to the District's failure to enforce its policies or implement adequate protective measures. Injunctive relief is a necessary and appropriate remedy to address this ongoing harm.

At this early stage in the proceedings, Plaintiffs' remedies should not be artificially limited to civil damages. Pleadings must be afforded a liberal construction, and Plaintiffs should receive the benefit of every favorable inference. *See generally, Sokoloff v. Harriman Estates Dev. Corp.,* 729 N.Y.S.2d 425, 428 (2001); N.Y. C.P.L.R. §3026. Plaintiffs maintain that an order requiring the District to develop and implement a plan to remediate its violations of New York law is both just and proper.

In conclusion, the Amended Complaint eliminates all federal claims and the matter should now be remanded to state court.

Respectfully submitted,

*/s/ Lindsay Lieberman*
Lindsay Lieberman, Esq. (Bar #5020466)
Lindsay Lieberman, LLC
P.O. Box 2575
Newport, RI 02840
*Attorney for Plaintiffs*

cc: Marc Pakrul, Esq. (via ECF)

Granted. "The Supreme Court held that once a 'plaintiff eliminates federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." *O'Rear v. Diaz*, No. 24-CV-1669, 2025 WL 835018, at *3 (S.D.N.Y. Mar. 14, 2025). In such a circumstance, "remand to state court [is] appropriate." *Id.* Here, the Amended Complaint has no federal law claim. Thus, the case should be remanded.

SO ORDERED.

*[signature]*

5/9/2025